[Opinion adopted October 21, 1884.]

WILSON LUMPKIN v. E. B. SMITH, GUARDIAN, ET AL.

(Case No. 1716.)

1. JURISDICTION — EXECUTOR — WILL.—Article 1948 of the Revised Statutes was manifestly intended to enable the executor acting under a will, which might withdraw the estate from the jurisdiction of the county court, to have the county court determine who were entitled to the entire estate, where the will failed to do so, or in what proportions beneficiaries were entitled to take

under it, in order that the estate might be turned over to them after the executor had discharged his trust. When such a will does provide for the distribution of the entire estate, and also a means for its partition, the county court has no jurisdiction to pass upon the propriety of its administration by the executor, to allow him extra compensation for his services, or to discharge him from further liability.

ERROR from Anderson. Tried below before the Hon. James I. Perkins.

*T. J. Williams*, for plaintiff in error.

*R. A. Reeves* and *Greenwood & Gooch*, for defendants in error.

STAYTON, ASSOCIATE JUSTICE.— Wilson Lumpkin was by the will of John Murchison, deceased, appointed the executor of his will, which provided that his estate should be administered without the control of the probate courts.

Lumpkin qualified, and so administered the estate in accordance with the will.

After having had charge of the estate for about thirteen years, on June 20, 1883, the executor filed in the county court for Anderson county what purports to be his final account, in which he stated that the four children of John Murchison made legatees by his will had died, and that the two minor children of one of them was entitled by inheritance to the estate not disposed of. The name and residence of the two minor children were given, and there was a prayer for citation to their guardian, who was named. The report contains the following statement: "This executor is also advised and believes the powers and duties conferred on him as executor by said will are determined and ended except as to filing a report of his management of said estate and a settlement with the legal heirs thereof, and his discharge. He therefore comes into court and prays that this, his said report and final settlement, by the court be heard, that said Smith, guardian, be cited according to law, and this executor be discharged from his trust."

There was a full statement of the administration of the estate, which showed that there was no personal property on hand of any value.

Under the provisions of the will of Murchison and the facts stated by the executor, all of the estate in his hands would belong to the two minor children before referred to, except such part thereof as one of the legatees may have conveyed in his life-time to Geo. A. Wright, who became a party to this proceeding.

There was a prayer by the executor for compensation for his services other and above such fees as are allowed to executors by the statute.

There was no prayer for partition of the estate.

A plea to the jurisdiction of the county court was filed, but does not appear to have been acted on by the court.

The county court examined the final report of the executor, as restated under the order of the court, and adjudged that the estate was indebted to the executor in the sum of $4,795.82, one-half of which was declared to be a claim against the estate of W. D. E. Murchison, deceased, who was one of the legatees under the will of John Murchison, his father, and that the other half of that sum was a claim against the estate of W. H. Murchison, deceased, who was also a son of John Murchison and a legatee under his will.

From this judgment there was an appeal to the district court, in which the plea to the jurisdiction of the county court, and to the jurisdiction of the district court, was urged and sustained, and an order was entered setting aside the judgment of the county court and dismissing the cause, and from that judgment the executor prosecutes a writ of error.

The question here presented relates to the correctness of the ruling of the district court.

The statute provides that "any person capable of making a will may so provide in his will that no other action shall be had in the county court, in relation to the settlement of his estate, than the probating and recording of his will, and the return of an inventory and appraisement and list of claims of his estate. R. S., 1942.

The will of John Murchison was made under this statute, and the executor complied with the requirements necessary to his complete qualification.

This withdrew the estate from the jurisdiction and control of the county court, except in so far as some other part of the statute, under given states of fact, may have authorized the county court to exercise jurisdiction over the estate.

It is not claimed that any other section or part of the statute than article 1948, Revised Statutes, authorized the county court to exercise jurisdiction over the estate thus by the will of the testator withdrawn from it, but it is contended that article 1948 gave to the county court power to render the judgment which was rendered. That article reads: "If such will does not distribute the entire estate of the testator, or provide a means for partition of said estate, the executor shall have the right to file his final account in the court

in which the will was probated, and ask partition and distribution of the estate, and the same shall be partitioned in the manner provided for the partition and distribution of estates administered under direction of the court.

If the averments contained in the executor's application be taken as true, and so they must be taken on exception, then the will of John Murchison, construed in the light of the facts stated in relation to the condition of the estate, does provide for the distribution of the entire estate, and does provide a means for partition of the estate.

The manifest purpose of the statute relied on is to enable the executor, in case the will does not determine who are entitled to the entire estate, or in what proportions those made thereby beneficiaries are entitled, to have determination of such questions made by the county court, in order that he may turn the estate over to those entitled thereto.

The application in this case does not ask for a partition, nor in any wise seek it; its sole purpose seems to have been to have an adjudication by the county court that the estate had been properly administered; to have that court allow to the executor what was termed extra compensation for his services, and to have a decree discharging him from further liability.

Of those matters, under the will, the county court had no jurisdiction, and the district court correctly so held.

We see no reason why the cost incurred through an unauthorized proceeding should be charged against those who resisted it, and the court below did not err in refusing so to tax it.

The judgment of the district court is affirmed.

Affirmed.

[Opinion delivered October 21, 1884.]

