## KOPPLIN v. EWALD.

### No. 9319.

Court of Civil Appeals of Texas. San Antonio.

April 18, 1934.

John P. Pfeiffer, of San Antonio, for plaintiff in error.

Russell & Beaucaire, of San Antonio, for defendant in error.

SMITH, Justice.

The estate of Herman Ewald, deceased, is being duly administered by Erna Ewald Kopplin, independent executrix thereunto duly appointed and qualified under the will of the said Herman Ewald. It was provided in said will, which was probated in the county court of Bexar county, that no other action should be had upon said estate in said court but the probate of the will and the return of an inventory and appraisement of the estate, as provided in article 3436, R. S. 1925.

On April 4, 1933, Mary Ewald, widow of the deceased Herman, instituted this original proceeding in a district court of Bexar county, by filing a "motion" therein to require said executrix to grant and pay over to the petitioner an allowance in lieu of exemptions, and allowance for one year's maintenance and support of the petitioner, as provided in articles 3476, 3477, and 3486, R. S. 1925. It was alleged in said motion that in the absence of exempt property allotted to her from the estate, she was entitled to an allowance of $500 in lieu of such exemptions; and that she was further entitled to an allowance of $2,400 in cash for her support during the first year of widowhood.

Precept to serve notice of said motion was issued on April 5, 1933, and service had upon the executrix on April 6, 1933, and nine days later, on April 15, the executrix failing to appear and answer, judgment by default was rendered against her in favor of the widow for $500 in lieu of exemptions and $900 for her maintenance for one year, and the executrix was thereupon ordered to pay said sums to the widow within thirty days, and to sell the property of the estate, if necessary, to make said payment. The executrix has appealed from said judgment.

 It is first contended by plaintiff in error that the county court had exclusive original jurisdiction of this proceeding, and that the district court had only appellate jurisdiction thereof to review the orders and rulings of the probate court. We overrule this contention.

While it may be true that in cases of regular administration under bond the probate court has exclusive original jurisdiction of claims against estates ·under administration, such is not the law in cases where estates are being administered by ·independent executors without bond, under testamentary provisions that the probate court shall have no control over the estate. The effect of such provision is to deprive the probate court of jurisdiction of claims against the estate (including the claim of the widow for allowances in lieu of exemptions and for maintenance) and to relegate such claims to the district courts. 13

609

Tex. Jur. p. 791, § 211; Runnels v. Runnels, 27 Tex. 516; Holmes v. Johns, 56 Tex. 41; Lumpkin v. Smith, 62 Tex. 249; Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367; Id. (Tex. Civ. App.) 50 S. W. 491.

But such claim must be instituted and prosecuted in the district court as any other cause of action; that is, upon petition and citation returnable to the ensuing term of court, after at least ten full days' service of citation.

Here, the action was instituted by "motion," filed during a regular term, returnable at such term, and judgment by default was rendered thereon against the defendant during such term and within less than ten days after service of "precept to serve notice" of such "motion."

It is quite obvious from these facts that plaintiff in error has not been given her day in court.

The judgment will be reversed and the cause remanded for further proceedings in consonance with this opinion. It is further ordered that all costs of this appeal, as well as those which have heretofore accrued in the trial court, be adjudged against defendant in error.

Reversed and remanded.