FANNIE ROWLAND ET VIR V. ANNA PEARL MOORE, INDEPENDENT EXECUTRIX.

No. 8101. Decided July 7, 1943.
Rehearing overruled October 20, 1943.
(174 S. W., 2d Series, 248.)

*W. A. Hawkins* and *C. H. Milliken,* both of Fort Worth, for petitioners.

The probate court has no power, authority or jurisdiction to either approve the claim against the estate of Green A. Cole, deceased, or to approval the final account of the independent executor of said estate, and the Court of Civil Appeals erred in so holding. Lumpkin v. Smith, 62 Texas 249; Shiner v. Shiner, 38 S. W. 1126; 14 Tex. Jur. 427.

*W. M. Short,* of Fort Worth, for respondent.

The Court of Civil Appeals properly held that the probate court was within its rights in exercising jurisdiction to approve the final account of the independent executor of the estate of the decedent. Kelley v. Harsch, 161 S. W. (2d) 563; Buchner v.

Wait, 137 S. W. 383; Parker v. Allison, 22 S. W. (2d) 338; Fortune v. Killebrew, 70 Texas 437.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed in the probate court of Tarrant County by petitioners as an application and motion to have the court vacate and set aside its order of May 31, 1939, approving the final account of M. H. Moore, Independent Executor of the estate of Green A. Cole, deceased. The ground of petitioners' application was that the court has no jurisdiction to approve the final account of an independent executor, or to allow a claim against the estate. After hearing, the court held that its previous order was void for want of jurisdiction, and rendered judgment setting it aside. Respondent appealed to the District Court of Tarrant County, which held that the order of May 31, 1939, was valid because the probate court did have jurisdiction to approve the final account and allow the claim, and entered judgment reinstating the order. On appeal the Court of Civil Appeals affirmed the judgment of the district court. 168 S. W. (2d) 911. Writ of error was granted by this Court on the point that the probate court had no jurisdiction to enter its order of May 31, 1939.

The will of Green A. Cole, deceased, appointed M. H. Moore as independent executor and trustee of his estate, without bond, as is provided by Article 3436-3451, Vernon's Annotated Civil Statutes. He was to administer the trust for the benefit of testator's wife and two sons until the death of the last surviving beneficiary, at which time the property should "descend and be inherited according to the laws of the State of Texas." Calvin Cole, the last survivor, died May 14, 1937, and was survived by his widow and one daughter, Mrs. Fannie Rowland, petitioner. Moore duly qualified, took charge of the property of the estate, which appears to have consisted chiefly of an 86-acre farm, and administered the estate from December 22, 1908, until May 14, 1937, when Calvin Cole died. On September 3, 1937, he filed his final account as independent executor and trustee with the probate court of Tarrant County, which contained a personal claim of the executor against the estate, and a prayer that the account be approved and the claim allowed. The report shows that during the 29 years Moore had administered the trust he paid out $749.14 more than the total revenues he collected from the estate. The report shows that he expended a total of $1,409.96, including $542.85 in taxes and $242.50 funeral expenses of the testator's two sons, whereas he

had received only $660.82. While the report was pending on the docket Moore died on October 25, 1938, and respondent was appointed independent executrix of his estate. Thereafter, on May 31, 1939, the court entered an order approving the final account and allowing the claim of the executor in the sum of $749.14. The court's order was limited to an approval of the account and allowing the claim; it made no reference whatever to the heirs of testator or to the partition of the estate. On August 19, 1939, petitioners filed their application with the probate court requesting it to set aside its order of May 31, 1939. Respondent, independent executrix of the estate of Moore, intervened. The probate court on August 31, 1939, held that it was without jurisdiction to enter the judgment of May 31, 1939. The district court set aside the judgment of the probate court, and certified its judgment to the probate court for observance.

■ The controlling question in this case was decided by this Court in the case of Lumpkin v. Smith, 62 Texas 249, wherein it was held, in an opinion by Judge Stayton, that the probate court, which probated a will providing for the appointment of an independent executor under the statutes, had no jurisdiction to approve the final account of the executor or to allow a personal claim in his favor against the estate which accrued during his tenure as executor, there being no prayer for a partition or settlement of the estate. The statutes do not contemplate that the estate should be entirely withdrawn from the jurisdiction of the probate court, but that the appointment of an independent executor withdraws the estate from the supervision and control of the probate court, except in so far as some other statute may authorize the court to exercise its jurisdiction; and so long as it remains in the hands and under the control of the executor, the probate court has no jurisdiction to approve a claim against the estate. Articles 3436-3451, Vernon's Annotated Civil Statutes; McLane v. Belvin et al, 47 Texas 493; Holmes v. Johns, 56 Texas 41, 51; Lumpkin v. Smith, 62 Texas 249; Griggs et al v. Brewster, 122 Texas 588, 62 S. W. (2d) 980; Roy v. Whitaker, 92 Texas 346, 48 S. W. 892, 49 S. W. 367; Kopplin v. Eswald (Civ. App.), 70 S. W. (2d) 608 Hutcherson v. Hutcherson (Civ. App.), 135 S. W. (2d) 757 (writ refused).

■ Where a will fails to distribute the entire estate or to provide a means for its partition, then the probate court has jurisdiction to approve the final account of the independent executor if filed in connection with, and as an incident to, a partition

and settlement of the estate. Article 3442, Vernon's Annotated Civil Statutes; Lumpkin v. Smith, 62 Texas 249; Shiner v. Shiner, 90 Texas 414, 38 S. W. 1126; Fortune v. Killibrew, 70 Texas 437, 440, 7 S. W. 759; Parker v. Allison (Civ. App.), 22 S. W. (2d) 338; Kelley v. Harsch (Civ. App.), 161 S. W. (2d) 563.

The final account of Moore did not ask for a partition or distribution of the estate of Green A. Cole. On the contrary, it expressly alleged that Fannie Rowland was the only person entitled to receive the estate. The prayer was limited to a request that the executor's claim against the estate be allowed, and that his report, together with the account and attached vouchers, be approved. The application in nowise seeks a partition or distribution of the estate. Therefore we do not have a case governed by Article 3442 and the cases above cited.

The Court of Civil Appeals concluded that the will of Cole failed to provide for the distribution and partition of the entire estate, because it directed that after the death of the last survivor the property should "descend and be inherited according to the laws of the State of Texas." That court cited Shiner v. Shiner, 90 Texas 414, 38 S. W. 1126, as authority for its holding that the probate court had jurisdiction. In that case the independent executors filed a petition for the very purpose of having the probate court partition the estate, and the Supreme Court held that the will itself contemplated that partition should be made by the probate court. In the instant case Moore did not ask that the property by partitioned, but, on the contrary, alleged that the respondent was the only person entitled to receive it. The will of Cole provided a "means for partition" of the estate, in that it directed that the property should "descend and be inherited according to the laws of the State of Texas." In the case of Lumpkin v .Smith, 62 Texas 249, the independent executor was directed to partition the estate among the four children of the testator. The four children died while the estate was being administered, and the executor filed a final account in which he alleged "that the two minor children of one of them were entitled by inheritance to the estate not disposed of," but made no prayer for partition of the estate. This Court held that the probate court had no jurisdiction over the final account of the executor.

■ In general, an independent executor has the authority, without an order of the probate court, to do any act which an ordinary executor or administrator may do under such an order.

Roy v. Whitaker, 92 Texas 346, 355, 48 S. W. 892, 49 S. W. 367; Griggs et al v. Brewster, 122 Texas 588, 62 S. W. (2d) 980; Carlton v. Goebler, 94 Texas 93, 58 S. W. 829; McDonough v. Cross, 40 Texas 251, 280; 13 Tex. Jur., p. 771, sec. 193. Where the will contains no restrictive terms upon his authority, he may incur reasonable expenses in the management of the estate, adjust and pay debts against the estate, and for that purpose may sell the property of the estate, although the will does not expresslly grant that power. Roy v. Whitaker, supra; Holmes v. Johns, 56 Texas 41, 51; Fortune v. Killebrew, 70 Texas 437, 7 S. W. 759; McDonald v. Hamblen, 78 Texas 628, 633, 14 S. W. 1042; Howard v. Johnson, 69 Texas 655, 7 S. W. 522; McDonough v. Cross, supra; 13 Tex. Jur., p. 771, sec. 193.

■ Articles 3437-3451, supra, specifically provide for the protection of creditors of an estate which is being administered by an independent executor. The district court or county court, and not the probate court, has jurisdiction of all claims against the estate, as in any other cause of action not regulated by a special statute. Kopplin v. Ewald, (Civ. App.), 70 S. W. (2d) 608; Hutcherson v. Hutcherson, supra.

The probate court correctly held that it had no jurisdiction to approve the final account of Moore, and the district court and the Court of Civil Appeals erred in holding to the contrary. Therefore the judgments of the district court and the Court of Civil Appeals are both reversed, and judgment is here rendered that the probate court was without jurisdiction to enter its judgment of May 31, 1939, and that upon the return of the mandate by the clerk of this Court to the district court it shall become the duty of the clerk of the district court to certify this judgment to the probate court for observance, as provided by Rules 311 and 335 of the Texas Rules of Civil Procedure.

Opinion delivered July 7, 1943.

Rehearing overruled October 20, 1943.