## STEVENSON et al. v. TRAVIS.

### No. 12432.

Court of Civil Appeals of Texas. Galveston.

June 19, 1952.

Rehearing Denied July 10, 1952.

Thos. H. Dent, of Galveston, and H. S. Davis, Jr., of Houston, for appellants.

Winfree & Winfree, L. Edward Mooney, of Houston, J. E. Winfree, of Houston, of counsel, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, C. A. (Tony) Travis, against appellant, Molly Taylor Stevenson, and her husband, Benjamin F. Stevenson, seeking the partition of a herd of cattle in the hands of the independent executor of the estate of Major J. Taylor, deceased. He alleged that he was the owner of an undivided one-third interest in the cattle and that appellant Molly Taylor Stevenson owned the remaining two-thirds interest in said cattle; that the independent executor of the Major J. Taylor estate had allowed appellants to have possession of said cattle and that appellants withheld the possession of the cattle from him. Appellants, in their answer, alleged that the cattle belonged to the estate of Major J. Taylor, deceased, and that the estate was then pending in the probate court of Harris County, and that the independent executor of the Major J. Taylor estate had control of all property belonging to the estate.

Trial was had before the court without a jury and the court found in the findings of fact, prepared and filed by him, on what we deem to be sufficient evidence, that appellee had entered into a partnership with Major J. Taylor for the purchase of certain cattle and that, under a partnership agreement, appellee was to own one-third of the cattle and was to receive one-third of the proceeds and profits accruing from said partnership and that Major J. Taylor was to receive two-thirds of said proceeds and profits of the partnership. The court found that Major J. Taylor had died in Harris County, Texas, on April 17, 1949, leaving a written will, which was admitted to probate; that immediately after Major J. Taylor's death appellants, Molly Taylor Stevenson and her husband, moved to the Taylor ranch and with the knowledge and consent of the independent executor, took possession of all cattle belonging to the partnership; that appellee had entered into an agreement with appellants to continue the partnership, appellant Molly Taylor Stevenson to own a two-thirds interest therein and appellee to own a one-third interest in the cattle; that Dr. W. E. Taylor, the independent executor of the Taylor estate, had not taken possession of said cattle at the time of the filing of this suit or interfered with the possession of said cattle by appellants and had knowingly allowed appellants to have possession thereof and to make sales thereof.

Judgment was rendered by the trial court that appellee and appellant Molly Taylor Stevenson were the sole owners of said cattle; that appellee was entitled to a one-third interest in the cattle and that Molly Taylor Stevenson was entitled to a two-thirds interest in the cattle. Commissioners were appointed to make a partition of the cattle in the shares to which they were entitled.

Appellants rely on five points of assigned error, in which they rely chiefly on the fact that the District Court of Harris County did not have jurisdiction to try this case for the alleged reason that, at the time of the institution of appellee's suit, administration proceedings were pending upon the estate of Major J. Taylor, deceased. They contend that the jurisdiction of the county court, having been properly and timely invoked by proceedings to probate the will,

such court had exclusive jurisdiction to pass on the matters raised by the partition suit and to settle and determine the respective rights of the legatees.

It is undisputed that Dr. W. E. Taylor was the duly appointed and qualified executor of the Major J. Taylor estate, and that administration proceedings upon the Major J. Taylor estate were pending at the time this suit was tried.

In the case of Hutcherson v. Hutcherson, Tex.Civ.App., 135 S.W.2d 757, writ of error refused, it was held that an independent executor is a creature of the will and that he has unbridled authority over the estate and can do any act respecting the estate which the court could authorize to be done, and that the district court has jurisdiction of a suit brought against an independent executor for the recovery of property, both real and personal, alleged to belong to an estate and withheld from the assets of the estate, and to determine the ownership of such property and to decree a partition thereof.

In the case of Alexander v. Berkman, Tex.Civ.App., 3 S.W.2d 864, it is held that a legatee has the right, after one year, to institute an action for partition or distribution of the estate.

■ In the case of Basham v. Smith, 233 S.W.2d 297, 299, the Supreme Court of this State held that the statutes do not contemplate that an estate should be entirely withdrawn from the jurisdiction of the probate court, but that the apppointment of an independent executor withdraws it from the supervision and control of the probate court, except insofar as some other statute may authorize the court to exercise its jurisdiction; and that so long as it remains in the hands and under the control of the executor, the probate court has no jurisdiction to approve a claim against the estate. Continuing, the Court said, " 'The district court or county court, and not the probate court, has jurisdiction of all claims against the estate, as in any other cause of action not regulated by a special statute.' "

The following cases are in accord with the rule announced in the above cases: Kopplin v. Ewald, Tex.Civ.App., 70 S.W.2d 608; Helge v. American Central Life Ins. Co., Tex.Civ.App., 124 S.W.2d 191; Huth v. Huth, Tex.Civ.App., 110 S.W.2d 1011; and Rowland v. Moore, 141 Tex. 469, 174 S.W.2d 248.

■ It is, we think, the established rule in this State that where an independent executor is not a necessary party to an action, the probate court does not have jurisdiction to settle conflicting claims to the title and ownership of property which the independent executor has distributed to the heirs.

In the case of Patton v. Smith, Tex.Civ. App., 221 S.W. 1034, 1036, suit was brought against the independent executors of an estate to enforce a contract to bequeath $10,000 to plaintiff. It was shown that the property of the estate had been delivered to the devisees by the executors. The court, in its opinion said, " * * * as applicable to the issue under consideration, it has been declared in substance that when the executor, who is authorized to act independently of the probate court, in good faith, and not in fraud of the rights of creditors, passes the estate committed to him to those entitled to receive * * * (it, the executors) lose control * * * (of the properties of the estate and they) may not thereafter administer * * * (the estate) for creditors, and are not * * * further accountable to creditors in their representative capacity."

Finding no reversible errors in the record, the judgment of the trial court will be, in all things, affirmed.

Affirmed.