The STATE of Texas, Appellant,

v.

L. C. TRAYLOR et al., Independent Executors of the Estate of M. G. Perry, Deceased, Appellees.

No. 4052.

Court of Civil Appeals of Texas.

Waco.

Nov. 1, 1962.

Rehearing Denied Nov. 21, 1962.

Will Wilson, Atty. Gen., Tom Burris and Ben M. Harrison, Asst. Attys. Gen., Austin, for appellant.

Matthews, Nowlin, MacFarlane & Barrett, San Antonio, for appellees.

WILSON, Justice.

The State appeals from judgment approving final account of independent executors and directing distribution of assets of testator's estate.

The will named independent executors, one of whom was testator's widow, and devised to these same persons as trustees one-half of all properties of which testator died seized for the use of his widow during her life, with remainder to trustees of a foundation previously created by him and his wife. The other one-half he devised to the persons named as independent executors as trustees for the use of the foundation. The latter trust likewise was to terminate at the death of testator's widow, the remainder vesting in the trustees of the foundation.

The will by its terms disposed of the entire community estate of testator and his widow conditioned upon her acceptance.

**176**

She elected not to take thereunder, but to claim and take her share of the community property.

The independent executors filed a final account containing an inventory listing all properties received, including the entire community estate of testator and his widow. It recited the widow was entitled to receive specified properties in distribution to the extent of her full community interest therein, and contained recitations concerning acquisition and nature of properties so specified. The executors stated that because of expense and difficulty of establishing and evaluating community claims for reimbursement, certain lands had been treated by them as community property, and the interests of the testator's estate would be served by dividing them equally between the widow and the testamentary trustees; and that other assets held by them in community with the survivor should be divided in kind. They requested approval of the account and an order directing partition and distribution in accordance therewith. The testator's daughter appeared, averring the account was complete and correct; and the trustees of the foundation filed a waiver reciting that beneficiary did not wish to contest it.

■ The Attorney General filed opposition under Art. 4412a, Vernon's Ann.Tex. Civ.St., asserting that certain items of property listed in the account as community were in fact separate property of the testator; that the court should so determine, and they should be set over in full to the trustees of the testamentary trust. The Attorney General contends the survivor had only a claim for reimbursement for community expenditures for permanent improvements or purchase price as to these items. The probate court approved the account and directed distribution as proposed thereby.

On appeal to the district court appellant's plea to the jurisdiction was overruled. That court also approved the account and directed a like distribution.

Appellant here says neither court below had jurisdiction of the subject matter be-cause a question of title to realty was involved over which the district court had exclusive original jurisdiction. Appellant says its opposition filed in the probate court "framed an issue of title to land" divesting that court, and the district court on appeal, of jurisdiction.

■ If it be that appellant may invoke the court's jurisdiction to determine the nature and ownership of property when that was neither an issue in nor subject matter of the cause as appellant found it, and thereupon assert its own pleading has ousted jurisdiction (a question we do not decide), we are of the opinion the probate court, and the district court on appeal nevertheless had jurisdiction. Neither the executors, the surviving spouse, testator's only child, the testamentary trustees nor the trustees of the income and remainder beneficiary objected to the final account. The executors did not undertake to conclusively fix the status or title of property as separate or community in the account; they so treated some property in order to settle and extinguish the survivor's community claims. There is no assertion the proposed distribution is inequitable or that the foundation trust estate will be prejudiced thereby. Since all testator's estate, separate and community, passed into the testamentary trust upon the widow's election, the independent executors were authorized to settle her community claims from the aggregate of such properties, and the recitations in the final account reflecting the circumstances, motives and reasoning on which their judgment and action in administering the estate was based did not place title to realty in issue. The court was not called upon by the request to approve the account, or the request for order for distribution, to determine questions of title. Consequently, the status of property so used was, at most, incidental to the subject matter involved; and although the parties devote much of their briefs to contentions as to its actual nature, we think that question is immaterial here. See Probate Code Secs. 150, 177(b), 234, V.A.T.S.; Rowland v. Moore, 141 Tex. 469, 174 S.W.2d 248, 250; Kelley

v. Harsch, Tex.Civ.App., 161 S.W.2d 563, 566; 34 Tex.L.Rev. 694. We do not construe Art. 4412a, Sec. 5 as meaning the court is precluded from approving the final account and entering the present order, under the provisions of Probate Code Sec. 234, or otherwise, merely because the Attorney General withholds consent. We think the requirements of Sec. 5 were met in this case when he was made a party. This was not an agreed, or consent judgment such as is contemplated by that section; it was an adversary proceeding.

Other questions presented were not preserved below for review. The judgment is affirmed.