Ali Akbar MOHSENI, Appellant,

v.

Gaye Laurine HARTMAN, Appellee.

No. 01–10–00078–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 9, 2011.

---

David Allen Munson, Spring, Javier Marcos Jr., Law Office of Marcos & Associates, P.C., Houston, for Appellant.

James Matthew Marchak, Konor Andrew Cormier, Mehaffy Weber, Houston, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION

JANE BLAND, Justice.

In this probate dispute, an unsecured estate creditor appeals the trial court's summary judgment in favor of the estate's independent executrix. The creditor sued the executrix, individually, for breach of fiduciary duty, for various negligence and fraud claims, and for conversion. On appeal, the creditor contends that the trial court erred in granting summary judgment on his negligence, gross negligence and negligence per se claims. Specifically, he maintains that the trial court erred in ruling that the independent executrix owed no legal duty to an unsecured estate creditor. We concluded that the trial court properly granted summary judgment and therefore affirm.

### Background

Ali Mohseni was an unsecured creditor of Yadollah Mosadegh, the decedent. In August 2005, Mohseni loaned Mosadegh $150,000 in exchange for a promissory note. The note carried an 18% simple interest rate and was payable in monthly installments of $2250. Mosadegh died in November 2005. After Mosadegh's death, Mohseni filed a claim for repayment against the estate in probate court. The trial court approved the claim, but it went unpaid.

The probate court appointed Gaye Laurine Hartman as executrix of the estate in

January 2006. In October 2007, Hartman moved to withdraw, and requested appointment of a substitute independent executrix. The motion to withdraw stated that the estate had a value of $800,000, but that it was deeply in debt. The trial court granted the relief, and it replaced Hartman that month.

In April 2009, Mohseni sued Hartman. He alleged that Hartman failed to pay outstanding payroll, sales, and property taxes owed for the Garson Restaurant, a property of the estate. As a result, he alleged, the estate incurred additional penalties and interest. Mohseni claims that, had Hartman not caused the estate to incur these extra costs, then the estate would have had sufficient money to pay his claim against it.

Hartman answered and specially excepted to the allegations in the petition, contending that her duty ran to the estate, not to Mohseni. Hartman then moved for a traditional summary judgment, contending that an independent executor generally does not owe a duty to unsecured creditors of the estate in the payment of estate expenses, and therefore Mohseni's negligence and breach of fiduciary duty claims failed as a matter of law. Hartman further asserted that Mohseni's negligent misrepresentation, common law fraud, and statutory fraud claims lacked merit because Mohseni did not provide evidence that she had made any negligent or false representations to him. Finally, Hartman contended that Mohseni's conversion claim lacked merit because Mohseni did not own, possess, or have the right immediately to possess any estate property.

Mohseni responded to Hartman's motion for summary judgment with an affidavit in which he averred that Hartman was negligent in failing to timely pay the taxes assessed on the Garson Restaurant. In addition, Mohseni alleged, without providing factual support, that Hartman had stolen from the estate and had refused an offer to purchase the restaurant. Finally, Mohseni averred that he had relied on Hartman's statements that she would properly perform her duties as executrix and that this reliance caused him injury. The trial court granted summary judgment.

## Discussion

■ Mohseni contends that the trial court erred in granting summary judgment with respect to his claims of negligence, gross negligence, and negligence per se. Mohseni does not brief his trial court claims for breach of fiduciary duty, negligent misrepresentation, statutory fraud, common law fraud, and conversion. Without briefing on these claims, the trial court's rulings on them stand. Tex.R.App. P. 38.1(i) (stating that brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Accordingly, we confine our discussion to Mohseni's negligence claims.

### *Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). To determine if the non-movant has raised a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reason-

able jurors could not. *See Fielding,* 289 S.W.3d at 848 (citing *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005)).

### Negligence

Mohseni contends that the summary judgment against him on his negligence claims is improper because Hartman, as the independent executrix, owed him, an unsecured creditor, a legal duty to exercise reasonable care in her administration of the estate, under both the common law and the Probate Code. In addition, he maintains that public policy supports this position.

■■■■ A negligence cause of action has three elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach. *D. Houston, Inc. v. Love,* 92 S.W.3d 450, 454 (Tex.2002). The threshold inquiry in a negligence case is duty. *Centeq Realty, Inc. v. Siegler,* 899 S.W.2d 195, 197 (Tex.1995); *Mathis v. RKL Design/Build,* 189 S.W.3d 839, 844 (Tex.App.-Houston [1st Dist.] 2006, no pet.). The existence of duty is a question of law for the court to decide from the facts surrounding the occurrence at issue. *Van Horn v. Chambers,* 970 S.W.2d 542, 544 (Tex.1998); *Siegler,* 899 S.W.2d at 197; *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). "The nonexistence of a duty ends the inquiry into whether negligence liability may be imposed." *Van Horn,* 970 S.W.2d at 544. Generally, no duty exists to take action to prevent harm to others absent certain special relationships or circumstances. *Torrington Co. v. Stutzman,* 46 S.W.3d 829, 837 (Tex.2000).

■■■■ Hartman moved for a traditional summary judgment solely on the existence of a duty. We thus do not consider whether Mohseni has adduced evidence of breach of duty, causation, or damages. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993) (holding that a summary judgment motion must stand or fall on the grounds expressly presented in the motion); TEX.R. CIV. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor.").

### A. Duty of Care of Independent Executor

■■■■ The Texas Probate Code defines an "independent executor" as "the personal representative of an estate under independent administration as provided in Section 145 of this Code." TEX. PROB.CODE ANN. § 3(q). The purpose of section 145—and of independent administration itself—is to free an independent executor from the expense and control of judicial supervision except where the Probate Code otherwise provides. *Corpus Christi Bank & Trust v. Alice Nat'l Bank,* 444 S.W.2d 632, 634–35 (Tex.1969); *Bunting v. Pearson,* 430 S.W.2d 470, 473 (Tex.1968); *Rowland v. Moore,* 141 Tex. 469, 174 S.W.2d 248, 249–50 (1943); *Eastland v. Eastland,* 273 S.W.3d 815, 821 (Tex.App.-Houston [14th Dist.] 2008, no pet.).

■■■■ This "administration" that the executor performs refers to the management of the estate of a decedent. The estate of a decedent immediately vests in the devisees, legatees, and heirs at law of the estate, subject to payment of decedent's debts. TEX. PROB.CODE ANN. § 37. As trustee of the property of the estate, an executor is subject to the fiduciary standards applicable to all trustees. *Human Soc'y of Austin & Travis Cnty. v. Austin Nat'l Bank,* 531 S.W.2d 574, 577 (Tex. 1975). Thus, the duties of an executor to an estate are those of a trustee. *Geeslin v. McElhenney,* 788 S.W.2d 683, 684–85 (Tex.App.-Austin 1990, no writ). Section 230 of the Texas Probate Code codifies the common law concept that the executor has a fiduciary duty to exercise reasonable care in the administration of the estate

property. Tex. Prob.Code Ann. § 230 ("The executor or administrator shall take care of the property of the estate of his testator or intestate as a prudent man would take of his own property."); *see also* Restatement (Third) of Trusts § 77 (2007) (stating that trustee has duty to administer the trust as a prudent person would).

An independent executor's fiduciary duty runs to the estate's beneficiaries, and it arises from his status as trustee of the estate's property. *Human Soc'y of Austin,* 531 S.W.2d at 577; *see also Huie v. DeShazo,* 922 S.W.2d 920, 922–23 (Tex.1996) (holding that relationship between executor and estate's beneficiaries is one that gives rise to fiduciary duty as matter of law). Thus, the independent executor owes a legal duty of care to the estate and its beneficiaries. *See Frost Nat'l Bank of San Antonio v. Kayton,* 526 S.W.2d 654, 660–61 (Tex.Civ.App.-San Antonio 1975, writ ref'd n.r.e.) (holding that former temporary administratrix of estate owed legal duty of care under Section 230 of Probate Code to estate in negligence action brought by permanent administrator); *see also Lawyers Sur. Corp. v. Snell,* 617 S.W.2d 750, 752 (Tex.Civ.App.-Houston [14th Dist.] 1981, no writ) (holding that former temporary administratrix of estate did not owe legal duty of care under Section 230 of Probate Code to obtain fire insurance for estate property in negligence action because it was impossible to obtain such insurance). In contrast, an executor does not owe a fiduciary duty to persons who claim an interest in a decedent's non-testamentary property; to them, she owes no legal duty of care. *See In re Ernst,* No. 04-10-00319-CV, 2011 WL 192654 (Tex. App.-San Antonio Jan. 12, 2011, no pet.) (mem. op.) (holding that executor owed no legal duty under negligence theory to decedent's sons, who claimed bank accounts upon her death under a right of survivorship, but were not beneficiaries of any of decedent's property under her will).

Historically, some courts of appeals have held that, upon a showing that a decedent's estate was insolvent, an independent executor then held the property in trust for its creditors until the executor wound up the affairs of the estate. *Farmers' & Merchants' Nat'l. Bank of Waco v. Bell,* 31 Tex.Civ.App. 124, 71 S.W. 570, 572 (Tex. Civ.App.1902, writ ref'd); *see also Harms v. Ehlers,* 179 S.W.2d 582, 583 (Tex.Civ. App.-Austin 1944, writ ref'd); *Palfrey v. Harborth,* 158 S.W.2d 326, 327 (Tex.Civ. App.-San Antonio 1942, writ ref'd); *Woods v. Bradford,* 284 S.W. 673, 675 (Tex.Civ. App.-El Paso 1926, no writ). These cases were not concerned, however, with the relationship between the executor and the estate creditors, but rather with the relationship between the various creditors and the distribution of the estate corpus. *See e.g. Farmers' & Merchants' Nat'l. Bank,* 71 S.W. at 572 (judgment creditor of estate could not sell estate property under execution because sale would be inconsistent with rights of other estate creditors). Moreover, they all predate the enactment of the Probate Code. *See* Acts 1955, 54th Leg., p. 88, ch. 55 (eff. Jan. 1, 1956), *amended by* Acts 1969, 61st Leg., p. 1703, ch. 556, § 2, (eff. June 10, 1969); Acts 1981, 67th leg., p. 2537, ch. 674, § 3, (eff. Sept. 1, 1981) (current version at Tex. Prob.Code Ann. § 37). We do not read them to say that an executor owes a legal duty of care to creditors that imposes individual liability on the executor, rather than on the estate, for estate debts.

Later, section 37 of the Probate Code clarified that the estate of the decedent immediately vests in the devisees, legatees, and heirs at law of the estate, subject to payment of decedent's debts, and that the executor thus holds the property in trust for the benefit of those who have acquired a vested right to the decedent's property under the will. Tex. Prob.Code Ann. § 37. Relying on section 37, the

Fourteenth Court of Appeals has held that an executor does not automatically hold the estate property in trust for estate creditors. *FCLT Loans, L.P. v. Estate of Bracher,* 93 S.W.3d 469, 480–81 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In *FCLT,* the court noted that no formal recognition of a fiduciary relationship between the executor and estate creditors exists, like the one between the executor and estate beneficiaries. *Id.* The executor holds the estate property in trust for the beneficiaries because they have a vested right in that property, but she does not hold it in trust for the creditors, whose claims against the estate are contingent. *Id.* at 480–81. The court observed that no provision in the Probate Code establishes that an independent executor holds the estate property in trust for those with claims against the estate. *Id.* *But see Ertel v. O'Brien,* 852 S.W.2d 17, 20–21 (Tex.App.-Waco 1993, writ denied) (holding that bank, as co-executor of estate, breached its fiduciary and statutory duties to creditor when it failed to pay creditor's claim against estate and instead paid claims of bank and other creditors); *Ex parte Buller,* 834 S.W.2d 622, 626 (Tex. App.-Beaumont 1992, orig. proceeding) (holding that independent executor stands in fiduciary relationship with creditors of estate).

■ Following our sister court in *FCLT,* we conclude that, under the present statutory scheme, an independent executor does not hold the estate property in trust for the benefit of the estate creditors and therefore does not owe them a fiduciary duty absent any specific undertaking to manage the creditor's interests in the case of a bankrupt estate. 93 S.W.3d at 480–81.

**B.  *Executor's Duties under Probate Code Sections 146, 147 and 149C***

Mohseni further contends that the duties that Hartman owes to estate creditors under the Probate Code, sections 146, 147, and 149C, justify this suit.

■ Sections 146, 147, and 149C provide creditors who are aggrieved by an independent executor's mismanagement with remedies—removal and claims for payment, by which, when approved, a creditor can obtain a judgment and execute it against the assets of the estate. *See* Tex. Prob.Code Ann. §§ 146, 147, & 149C. In addition, section 149A of the Probate Code allows creditors to seek an accounting from the executor. *See id.* § 149A ("At any time after the expiration of fifteen months from the date that an independent administration was created and the order appointing an independent executor was entered by county court, any person interested in the estate may demand an accounting from the independent executor."). These provisions do not, however, give an unsecured creditor any guarantee against financial mismanagement or the insolvency of the estate. Such rights do not inure to an unsecured creditor against a debtor who is living. An unsecured creditor cannot bring a negligence action against a debtor who poorly manages his finances and cannot pay a debt. *See Jim Walter Homes, Inc. v. Reed,* 711 S.W.2d 617, 618 (Tex.1986) ("When the injury is only the economic loss to the subject of a contract itself the action sounds in contract alone."). Nor is there any indication in the Probate Code that such rights inure to an unsecured creditor after the debtor's death.

### 1.  *Sections 146 and 147*

■ Section 146 of the Probate Code imposes a duty on an independent executor to approve and pay proper claims against the estate. *See* Tex. Prob.Code Ann. § 146(a)(3) ("[An independent executor] shall approve, classify, and pay, or reject, claims against the estate in the

same order of priority, classification, and proration prescribed in this Code"). But Mohseni does not contend that Hartman violated section 146 by failing to pay creditors in the order prescribed by the Probate Code. The statutory duty to approve and pay claims against the estate does not imply or establish a duty of the executor to exercise reasonable care in the administration of the estate for the benefit of creditors, subjecting an executor to individual liability beyond the estate's assets. Thus, Mohseni cannot rely on section 146 to support his negligence claims.

Section 147 of the Probate Code allows a person with a claim for payment against the estate such as Mohseni to enforce that claim with a suit against the independent executor for payment from the estate's assets in accordance with the provisions of the Probate Code. TEX. PROB.CODE ANN. § 147. If Mohseni had filed suit against Hartman to force the estate's payment of his claim, then section 147 would authorize such a suit, but he did not.

### 2. Section 149C

Probate Code section 149C allows an interested party to seek the removal of an independent executor when she is "guilty of gross misconduct or gross mismanagement in the performance of the independent executor's duties." TEX. PROB.CODE ANN. § 149C(a)(5) (West Supp. 2009). The other grounds for removal are:

(1) the independent executor fails to return within ninety days after qualification, unless such time is extended by order of the court, an inventory of the property of the estate and list of claims that have come to the independent his knowledge;

(2) sufficient grounds appear to support belief that the he has misapplied or embezzled, or that the independent executor is about to misapply or embezzle, all

or any part of the property committed to his care;

(3) he fails to make an accounting which is required by law to be made;

(4) he fails to timely file the notice required by Section 128A of this code;

.... or

(6) he becomes an incapacitated person, or is sentenced to the penitentiary, or from any other cause becomes legally incapacitated from properly performing the independent executor's fiduciary duties.

*Id.* § 149C(a)(1)-(6).

Mohseni, as an unsecured estate creditor, qualifies as an "interested party." TEX. PROB.CODE ANN. § 3(r) (West Supp. 2009) (" 'Interested persons'... means heirs, devisees, spouses, [or] creditors"). However, the limited nature of the remedy—removal—and the higher bar for obtaining it—proof of gross misconduct— make it clear that section 149C does not create an ordinary duty of care owed to an unsecured creditor that may be breached by mere negligence. *See Geeslin,* 788 S.W.2d at 684 ("[O]ne may not reasonably impute to the Legislature an intent that the terms 'gross mismanagement' or 'gross misconduct' should encompass any and all deviations from ordinary care."). Rather, "[t]he use of the adjective 'gross' indicates that something beyond ordinary misconduct and ordinary mismanagement is required to remove an independent executor. Gross is defined as '[g]laringly obvious; flagrant.' " *Kappus v. Kappus,* 284 S.W.3d 831, 836 (Tex.2009) (quoting AM. HERITAGE COLLEGE DICTIONARY 600 (3d ed. 2000)). Therefore, section 149C does not support an ordinary negligence action under these facts. Moreover, Mohseni does not seek to remove Hartman, and the record shows that she has resigned. Rather, he seeks damages, which are not provided for under this section of the Code.

Mohseni points to no additional conduct to support his claims of negligence per se and gross negligence other than Hartman's failure to pay his debt and the other debts of the estate. Accordingly, we find that these claims, like the negligence claim, fail as a matter of law because an executor does not owe a duty of care to unsecured creditors in the independent administration of the estate.

### C. Public Policy

Mohseni further asserts that public interest demands that we recognize a common-law duty of care owed by an independent executor to unsecured creditors. We disagree. Any such duty would undermine independent administrations and conflict with the executor's duty to administer the estate for the benefit of the heirs and legatees as delineated in the Probate Code. Also, it could conflict with the executor's statutory duties to other classes of creditors.

Holding that an independent executor owes a duty of care to unsecured creditors could in practice "convert independent administration into court-supervised administration [because] it would encourage numerous lawsuits challenging almost every aspect of an executor's conduct regarding the estate." *Geeslin*, 788 S.W.2d at 684. More important, if an independent executor owed a legal duty of care to creditors, such a duty under certain circumstances could require an executor to act to the detriment of the estate's heirs. But her role is different—she stands in the shoes of the decedent and his heirs, whose interest can be adverse to those of estate creditors, particularly in choosing among which unsecured debts to pay. *See Smith v. O'Donnell*, 288 S.W.3d 417, 421 (Tex.2009) ("An executor is a personal representative who 'stands in the shoes' of the decedent.") (citing *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 787 (Tex.2006)); *see also Boyles v. Gresham*,

158 Tex. 158, 309 S.W.2d 50, 51 (1958) ("The creditor's interest is necessarily antagonistic to the distributees, to the estate."). The Probate Code recognizes this antagonism, providing that the creditor should sue the executor to pursue its direct claim against the estate. *See* TEX. PROB.CODE ANN. § 147. The creditor's remedy is to seek a judgment against the executor in her capacity as the estate administrator and seek execution against the estates' assets. *Id.* As a matter of policy, we conclude that it is unwise to extend such a right absent express Legislative intent.

### Conclusion

We hold that an independent executor does not owe a general legal duty of care to the unsecured creditor of an estate in the management of the estate's assets. We therefore affirm the judgment of the trial court.