**Affirmed and Majority and Dissenting Opinions filed July 10, 2018.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00003-CV

---

**SHAFQAT ALI A/K/A MICHAEL ALI, INDIVIDUALLY AND AS FIRST ALTERNATE INDEPENDENT EXECUTOR OF THE ESTATE OF AMJAD "A.J." SULTAN, DECEASED, Appellant**

**V.**

**DARLENE PAYNE SMITH, SUCCESSOR ADMINISTRATOR WITH WILL ANNEXED OF THE ESTATE OF AMJAD "A.J." SULTAN, DECEASED, Appellee**

---

**On Appeal from the Probate Court No. 3
Harris County, Texas
Trial Court Cause No. 448,030-402**

---

## M A J O R I T Y   O P I N I O N

This is an appeal from the denial of a motion to compel arbitration based on an arbitration clause contained in a will. Darlene Payne Smith is the successor administrator with will annexed for the estate of Amjad "A.J." Sultan. Smith

brought this underlying action against Shafqat "Michael" Ali, the former independent executor for the estate, alleging that Ali failed to responsibly handle the finances of the estate, converted assets of the estate, and used estate funds in violation of his fiduciary duties.

Ali filed a motion to compel arbitration based on an arbitration provision contained in Sultan's will. The trial court denied the motion, and Ali brings this interlocutory appeal.

In this appeal, we assume that courts must enforce a testator's intent, as reflected in the will, that "all disputes" between executors and their successors be resolved through binding arbitration. But, because the Texas Arbitration Act requires the party seeking to compel arbitration to show the existence of an "agreement" to arbitrate, courts may not compel arbitration under the Act unless the will is "supported by the mutual assent required to render the [will] an agreement and the arbitration provision valid." *See Rachal v. Reitz*, 403 S.W.3d 840, 845 (Tex. 2013) (enforcing arbitration provision in a trust based on theory of direct-benefits estoppel).

We hold that Ali failed to meet his burden to show the existence of a valid arbitration agreement amongst non-signatories based on a theory of direct-benefits estoppel. Thus, the trial court did not err, and we affirm.

## Background

In the will, Sultan appointed Ali as one of several alternate independent executors. After Sultan's death, the trial court appointed Ali as the independent executor. Ali resigned from the position after Sultan's adult son applied for a temporary restraining order and injunction against Ali for alleged mismanagement of the estate, breaches of fiduciary duties, failures to distribute estate property, and

2

a failure to establish a testamentary trust for Sultan's minor children. The trial court signed an order stating that Ali resigned as the independent executor, that no subsequent named executors were suitable to serve, and that the parties agreed to the appointment of a third party as a successor administrator with will annexed. The court appointed Smith as the administrator.

Smith then brought this underlying action against Ali. Under the heading "facts" in the petition, Smith alleges that Ali (1) "failed to responsibly handle the finances of the estate"; (2) "caused the Estate to be damaged and caused unnecessary expenses"; and (3) "refused to produce or file an accounting in the estate, in any form." Smith also alleges that assets of the estate that came into Ali's possession "have been wasted, misappropriated, converted or otherwise disposed of inappropriately by Defendant Ali."

Under the heading "declaratory judgment," Smith requests a declaratory judgment as follows:

> Darlene Payne Smith, as Successor Administrator with Will Annexed, seeks a declaratory judgment against Defendant Ali, as former Independent Executor of the Estate, for a finding that he has failed to perform or has committed the following acts:
>
> 1.   Failed to responsibly handle the finances of the estate and related entities;
>
> 2.   Converted assets of the Estate to his own personal use; and
>
> 3.   Used estate funds in violation and dereliction of his fiduciary duties;
>
> The above described acts of Defendant Ali constitute failure on his part to carry out the duties and responsibilities of his position as former Independent Executor of the Estate. By his actions, Defendant Ali has failed to well and truly perform his duties and obligations as Independent Executor, thereby causing damage to the Estate in the amount of at least $250,000.00.

3

Ali filed a motion to compel arbitration based on the following provision in the will:

> If a dispute arises between or among any of the beneficiaries of my estate, the beneficiaries of a trust created under my Will, the Executor of my estate, or the Trustee of a trust created hereunder, or any combination thereof, such dispute shall be resolved by submitting the dispute to binding arbitration. It is my desire that all disputes between such parties be resolved amicably and without the necessity of litigation.

Ali argued that the Texas Arbitration Action, Tex. Civ. Prac. & Rem. Code §§ 171.001–.098, required arbitration although the parties were non-signatories to the will.

Ali referred to the doctrine of direct-benefits estoppel in the motion and elaborated in his later reply in support of his motion that Smith "accepted benefits under the Will, including her claims, compensation and payment of attorneys' fees." Ali attached the trial court's "order authorizing appointee fees," in which the trial court authorized Smith to collect $51,777.07 from the funds of the estate for reasonable compensation of necessary services in her position as successor administrator with will annexed.

Ali also argued in the reply in support of his motion that Smith's claim was within the scope of the arbitration provision because the will defines "Executor" broadly to include "successors" such as Smith. The will provides:

> Unless another meaning is clearly indicated or required by context or circumstances, the term "Executor" or "Trustee" shall also mean and include any Co-Executors, Co-Trustees, alternates, or successors.

After a hearing, at which the trial court took judicial notice of the court's file, the trial court signed an order denying Ali's motion to compel arbitration. Ali brings this appeal with the following issues presented:

4

1. Does the Texas General Arbitration Act or any other statute or case precedent bar arbitration clauses in a will, which governs fiduciary duties, and successor administrators or executors, and does the Successor cite any law to support her position in the Court Record of the Underlying Suit?

2. Can the successor administrator of the Estate of Amjad "A.J." Sultan receive compensation under the Will, bring claims under the Will of Amjad "A.J." Sultan, and enforce the provisions of the Will while simultaneously refusing to comply with its arbitration provision?

3. Are the claims raised within the arbitration provision's scope when the Will provides that executor includes alternates and successors and the claim is "by or among" the Successor and the Former Executor?

4. Did the Court abuse its discretion in denying the Appellant's Motion?

## Direct-Benefits Estoppel

Ali's second issue is dispositive, so we need not address whether there is any categorical bar to arbitration provisions in wills, or whether Smith's claims are within the scope of the arbitration provision. *See* Tex. R. App. P. 47.1

In his second issue, Ali contends that the trial court erred by not enforcing the will's arbitration clause under the Texas Arbitration Act amongst non-signatories. He contends that the arbitration clause is enforceable under the doctrine of direct-benefits estoppel because Smith has (1) "enforced the will" and brought claims against Ali "for failing to comply with the will" and (2) "received appointee fees."

## I.     Standard of Review and Legal Principles

Ali, as the party seeking to compel arbitration, has the burden to show the existence of (1) a valid arbitration agreement and (2) a dispute within the scope of the agreement. *See Rachal v. Reitz*, 403 S.W.3d 840, 843 (Tex. 2013). We review

de novo whether an arbitration agreement is enforceable. *Id.* No presumption in favor of arbitration arises until the party seeking to compel arbitration proves that a valid arbitration agreement exists. *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Whether an arbitration agreement is binding on a non-signatory implicates the issue of whether there is a valid arbitration agreement. *See ENGGlobal U.S., Inc. v. Gatlin*, 449 S.W.3d 269, 274 (Tex. App.—Beaumont 2014, no pet.) (citing *In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005)); *see also Rachal*, 403 S.W.3d at 849–50 (determining first whether the arbitration provision was enforceable against a non-signatory, and then whether the dispute was within the scope of the agreement).

The language of the Texas Arbitration Act indicates a legislative intent to enforce arbitration provisions in "agreements." *Rachal*, 403 S.W.3d at 845. An agreement is a manifestation of mutual assent by two or more persons. *Id.* "Typically, a party manifests its asset by signing an agreement." *Id.*; *see also In re Rubiola*, 334 S.W.3d 220, 224 (Tex. 2011) (noting that generally "parties must sign arbitration agreements before being bound by them").[1] Ali and Smith agree that they are not signatories to the will.

But the Texas Supreme Court has "found assent by nonsignatories to arbitration provisions when a party has obtained or is seeking substantial benefits under an agreement under the doctrine of direct benefits estoppel." *Rachal*, 403 S.W.3d at 845–46. *See generally Jody James Farms, JV v. Altman Grp.*, No. 17-0062, 2018 WL 2168306, at *4 (Tex. May 11, 2018) (reciting various theories for non-signatories to be bound by arbitration agreements). This doctrine precludes a plaintiff from seeking to hold a defendant liable based on the terms of an

---

[1] We refer to cases concerning the Federal Arbitration Act in this case involving the Texas Arbitration Act because state law governs whether a litigant has agreed to arbitrate. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130 (Tex. 2005).

agreement that contains an arbitration provision while simultaneously asserting the provision lacks force because the plaintiff or defendant is a non-signatory. *See Jody James Farms*, 2018 WL 2168306, at *7 (defendant non-signatory); *see also In re Weekley Homes*, 180 S.W.3d at 131–32 (plaintiff non-signatory). "When a claim depends on the contract's existence and cannot stand independently—that is, the alleged liability arises solely from the contract or must be determined by reference to it—equity prevents a person from avoiding the arbitration clause that was part of that agreement." *Jody James Farms*, 2018 WL 2168306, at *7 (footnote and quotation omitted). On the other hand, "when the substance of the claim arises from general obligations imposed by state law, including statutes, torts and other common law duties, or federal law, direct-benefits estoppel is not implicated even if the claim refers to or relates to the contract or would not have arisen but for the contract's existence." *Id.* (quotation omitted).

Additionally, a non-signatory may be compelled to arbitrate if they deliberately seek or obtain substantial benefits from the contract by a means other than the lawsuit itself. *See In re Weekley Homes*, 180 S.W.3d at 132; *see also D.R. Horton-Emerald, Ltd. v. Mitchell*, No. 01-17-00426-CV, 2018 WL 542403, at *8 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, no pet.) (mem. op.) (referring to this principle as the "second avenue" for binding a non-signatory to an arbitration agreement through direct-benefits estoppel). This analysis focuses on the non-signatory's "conduct during the performance of the contract." *In re Weekley Homes*, 180 S.W.3d at 132–35 (applying direct-benefits estoppel to a non-signatory because, although her personal injury claim was not based on the contract, she consistently and knowingly exercised other rights emanating from the contract). This doctrine will not apply if the benefits are either insubstantial or indirect. *Id.* at 134.

## II.    Application of Direct-Benefits Estoppel to Smith

The parties do not cite any Texas case addressing arbitration in the context of administering a will.[2] The most instructive case from the Texas Supreme Court is *Rachal v. Reitz*, in which direct-benefits estoppel applied to a beneficiary of a trust who sued the trustee. *See* 403 S.W.3d at 847–48. The court held that a non-signatory "who attempts to enforce rights that would not exist without the trust manifests her assent to the trust's arbitration clause." *Id.* at 847.

In particular, the *Rachal* court considered the fact that the beneficiary did not disclaim an interest in the trust and that he claimed he was entitled to profits that would accrue to the trust estate. *Id.* The *Rachal* court looked further to the beneficiary's allegations in the lawsuit. *See id.* The beneficiary claimed that the trustee had "materially violated the terms of the Trust and his fiduciary duty by failing to account to the beneficiary and . . . ha[d] materially violated th[e] terms of the Trust by his conversion of the Trust assets which has resulted in material financial loss to the Trust." *Id.* (omission in original). The court held that the beneficiary accepted the benefits of the trust and sued to enforce the terms of the trust; thus, he accepted the terms and validity of the trust, including the arbitration

---

[2] Smith contends that due to the lack of Texas authority, it is an "unsettled question of whether arbitration should be applied in the context of a will." We assume without deciding that arbitration clauses within wills are generally enforceable, and we decide only the narrower issue of whether Ali has proven arbitrability as to a non-signatory administrator under a theory of direct-benefits estoppel. Despite the dearth of authority, the inclusion of an arbitration clause in a will is nothing new. *See* George Washington, *George Washington's Last Will and Testament* (July 9, 1799), *in* 4 The Papers of George Washington, Retirement Series, 20 April 1799 – 13 December 1799, at 479–511 (W. W. Abbot ed., 1999) ("My Will and direction expressly is, that all disputes (if unhappily any should arise) shall be decided by three impartial and intelligent men, known for their probity and good understanding; two to be chosen by the disputants—each having the choice of one—and the third by those two. Which three men thus chosen, shall, unfettered by Law, or legal constructions, declare their sense of the Testators intention; and such decision is, to all intents and purposes to be as binding on the Parties as if it had been given in the Supreme Court of the United States."), *available at* http://founders.archives.gov/documents/Washington/06-04-02-0404-0001.

clause. *See id.* The non-signatory beneficiary was compelled to arbitrate under the theory of direct-benefits estoppel. *See id.* at 842.

In this case, however, Smith contends that her claims against Ali derive from statutes and common law, irrespective of the will. And Smith contends that, to the extent her claims theoretically could be determined by reference to the will, Ali failed to meet his burden to prove direct-benefits estoppel. We agree with Smith.

As noted above, Smith alleges in the petition that Ali (1) "Failed to responsibly handle the finances of the estate"; (2) "Converted assets of the Estate to his own personal use"; and (3) "Used estate funds in violation and dereliction of his fiduciary duties." Unlike the beneficiary in *Rachal* who alleged violations of the trust terms, Smith does not allege in the petition that Ali violated any terms of the will. Rather, Smith contends that her claims are based on common law and statutory provisions such as Sections 351.001 and 351.101 of the Estates Code:

> The rights, powers, and duties of executors and administrators are governed by common law principles to the extent that those principles do not conflict with the statutes of this state.

Tex. Estates Code § 351.001.

> An executor or administrator of an estate shall take care of estate property as a prudent person would take of that person's own property . . . .

*Id.* § 351.101. An executor such as Ali also has a statutory duty to deliver the property of the estate to a successor representative such as Smith. *See id.* § 351.102(b). And, Smith alleges in the petition that this action was brought pursuant to Section 361.153, which provides that a successor representative is "entitled to any order or remedy that the court has the power to give to enforce the delivery of the estate property" to the successor representative. *See id.* § 361.153(b); *see also id.* § 361.153(c) (granting successor representative the power

to make himself or herself a party to a suit prosecuted against the successor's predecessor and to settle with the predecessor).

The fiduciary duty that an executor or administrator owes to the estate is derived from the statutes and common law. *See Mohseni v. Hartman*, 363 S.W.3d 652, 656–57 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing predecessor statute); *see also Humane Soc'y of Austin & Travis Cty. v. Austin Nat'l Bank*, 531 S.W.2d 574, 577 (Tex. 1975) ("As trustee of the property of the estate, the executor is subject to the high fiduciary standards applicable to all trustees."). As the Texas Supreme Court explained when it rejected the defendant's assertion of direct-benefits estoppel in *Jody James Farms*, "A fiduciary duty generally arises from the relationship of the parties and not from the contract." 2018 WL 2168306, at *8–9 (holding that direct-benefits estoppel did not apply to breach of fiduciary duty claim brought by an insured against an insurance agent when the insurance policy contained an arbitration clause because, although the claim referred to the insurance policy, liability was not determined by reference to the policy)

The plain language of the statutes impose duties on both executors and administrators, but executors and administrators are not the same. An executor is named in a will, while an administrator with will annexed is not. The source of the executor's power to act is the will. The source of an administrator's power to act is the statutes and the court. *See Loewenstein v. Watts*, 119 S.W.2d 176, 184–85 (Tex. Civ. App.—El Paso 1938) (op. on reh'g) (reasoning that an administrator with will annexed does not have the powers conferred upon an independent executor named in the will, and that administrators do not resort to the will for the source of their power to act, but "they, being creatures of the statutes, have no powers except those conferred by statutes"), *aff'd*, 137 S.W.2d 2 (Tex. 1940); *see also Frisby v. Withers*, 61 Tex. 134, 138 (Tex. 1884) (noting that an executor may

have discretionary powers under a will that are personal to the named executor, which cannot be exercised by a successor administrator with will annexed).

Nothing in Smith's petition indicates that Ali's liability need be determined by reference to the will, even though he would not have been an executor "but for" the will. The substance of the claims arise from general duties imposed by statutes and the common law. *See Jody James Farms*, 2018 WL 2168306, at *7–8; *see also Mohseni*, 363 S.W.3d at 656–57. Smith has not alleged that Ali violated any terms of the will, so this theory of direct-benefits estoppel is inapplicable. *Cf. Rachal*, 403 S.W.3d at 847–48 (direct-benefits estoppel applied to fiduciary duty claim because the non-signatory alleged violations of the terms of the trust).

Furthermore, if Smith's petition is unclear about whether Ali's liability will be determined by reference to the will, the trial court did not err by concluding that Ali failed to meet his burden to show the existence of an arbitration agreement that is enforceable against Smith. *See D.R. Horton-Emerald, Ltd. v. Mitchell*, No. 01-17-00426-CV, 2018 WL 542403, at *6–8 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, no pet.) (mem. op.) (holding that the defendant failed to prove arbitrability based on direct-benefits estoppel when the plaintiffs' petition did not specify a particular cause of action, and the defendant did not file special exceptions to request greater specificity or otherwise show that the plaintiffs' construction-defect claim relied on a duty found in the building contract); *ENGlobal U.S., Inc. v. Gatlin*, 449 S.W.3d 269, 277–78 (Tex. App.—Beaumont 2014, no pet.) (holding that a the defendant failed to prove arbitrability based on direct-benefits estoppel when the plaintiff's premises liability claim against the defendant depended on proof that the defendant controlled the premises, and the defendant claimed that the plaintiff's proof of control was based on a contract containing an arbitration provision; but the petition did not allege that control was based on the contract

11

rather than actual control, and the defendant did not file special exceptions to request greater specificity); *Glassell Producing Co. v. Jared Res., Ltd.*, 422 S.W.3d 68, 83 & n.13 (Tex. App.—Texarkana 2014, no pet.) (holding that the defendants did not prove arbitrability based on direct-benefits estoppel for various claims sounding in tort and contract when the plaintiff's pleadings were vague, the source of the obligations for the claims was not clear, and the defendants failed to file special exceptions to request greater specificity).

Under the second avenue for proving direct-benefits estoppel, Ali contends that Smith has obtained a benefit from the will by collecting "appointee fees" from the estate. Smith contends that she was entitled to the fees by statute, not the will. *See* Tex. Estates Code § 352.051 (entitling a "personal representative" to necessary and reasonable expenses and attorney's fees). We agree with Smith.

The trial court's order authorizing Smith to collect appointee fees does not state that Smith collected a benefit under the will. And, the authorizing statute does not make a distinction based on the existence of a will. *See id.*; *see also id.* § 22.031(a) (defining "personal representative" as including "(1) an executor and independent executor; (2) an administrator, independent administrator, and temporary administrator; and (3) a successor to an executor or administrator listed in Subdivision (1) or (2).").

Because the trial court awarded fees and expenses to Smith without reference to the will, Ali has not shown that Smith deliberately sought or obtained substantial benefits from the will by a means other than the lawsuit. *See In re Weekley Homes*, 180 S.W.3d at 132.

Ali's second issue is overruled.[3]

## Conclusion

Having overruled Ali's dispositive issue, we affirm the trial court's order denying Ali's motion to compel arbitration.


/s/ Ken Wise
   Justice


Panel consists of Justices Jamison, Wise, and Jewell. (Jamison, J., dissenting).

---

[3] In his reply brief on appeal and at oral argument, Ali suggested that the administrator's taking of the oath under Section 305.051 of the Estates Code showed assent or amounted to "ratification" of the will. *See* Tex. Estates Code § 305.051. This argument was not presented to the trial court and is not preserved. *See Santander Consumer USA, Inc. v. Mata*, No. 03-14-00782-CV, 2017 WL 1208767, at *3 (Tex. App.—Austin Mar. 29, 2017, no pet.) (mem. op.) (party seeking to compel arbitration failed to preserve error from trial court's denial of motion to compel when argument on appeal did not comport with argument to the trial court); *see also* Tex. R. App. 33.1; *Bruce v. Cauthen*, 515 S.W.3d 495, 511 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).