

# NUMBER 13-20-00081-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN THE ESTATE OF LOUIS EDWARD IRVING, DECEASED

On appeal from the County Court at Law
of Walker County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Arliscia Irving Webb[1] appeals two summary judgments in favor of appellee Kenna Seiler. By four issues, Arliscia argues: (1) the summary judgments are inconsistent with a Rule 11 agreement in the record, (2) Seiler's motion for partial summary judgment was legally deficient, (3) summary judgment on Seiler's claims for breach of fiduciary duty "is legally and factually deficient as a matter of law," and (4) the

---

[1] We will refer to appellant and her four siblings by their first name for ease of reference.

first partial summary judgment granted by the trial court "cannot support" the second summary judgment granted. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND[2]

In 1998, Arliscia and her four siblings (Reginald, Janice, Bridget, and Tammy) filed an application for letters of independent administration and declaration of heirship as to the estate of their father, Louis Edward Irving.[3] The application sought to have Arliscia appointed as the estate's personal representative and independent administrator. In 2000, the trial court granted the request for an independent administration and appointed Arliscia as the estate's administrator. The trial court also rendered a judgment declaring the siblings were Irving's heirs, each with a one-fifth interest in the estate.

In May 2015, Reginald filed a petition for an accounting and distribution, alleging Arliscia had not made an accounting or distribution of the estate's assets. *See* TEX. EST. CODE ANN. §§ 359.051, 404.001. In September 2017, after a piece of real property in the estate was sold, Janice, Bridget, and Tammy filed their own petition requesting an accounting and that Arliscia distribute $26,790.42 of the sales proceeds she "wrongfully retained." The sisters' petition stated that Arliscia improperly received two fees as administrator in relation to the sale: a $14,250.00 commission on the overall sale

---

[2] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[3] The purpose of independent administration of an estate is to free an independent executor or administrator from the expense and control of judicial supervision, except where otherwise provided by the estates code. *See* TEX. EST. CODE ANN. §§ 404.001, 404.002; *Mohseni v. Hartman,* 363 S.W.3d 652, 656 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

2

proceeds and an additional $12,540.42 in commission on the distributions of the proceeds to each of the heirs.[4]

Arliscia filed a response in November 2017, disputing that the funds were "wrongfully retained" and stating there were no other assets of the estate. At the same time, she filed a "final annual account" covering the period between November 30, 2015 and August 30, 2017. *See id.* §§ 362.003, 362.004. In this final annual account, Arliscia stated that "[s]ince qualifying as Administrator[,] she was not aware or made aware of her duties as Administrator, therefore this Estate was not administered in accordance with the provisions of the Texas Estate Code, however [Arliscia] did pay the debts of the estate and filed final tax returns for the decedent." The final account consists of three pages detailing the estates' income from that two-year period (insurance proceeds and the sale of the real property) and multiple "Disbursements/Expenses" with a dollar amount for each. Arliscia did not include any receipts or other verification for the expenses.

At the same time as she filed her final account, Arliscia filed an application to be discharged as the administrator of the estate and an application seeking an administrator's fee of $50,882.43. In her application for an administrator's fee, Arliscia acknowledged she "retained $26,790.42 as compensation for her services as Administrator" and requested "the Court award her the retained amount . . . ."

---

[4] The $14,250 commission was five percent of the sales price of $285,000. *See* TEX. EST. CODE ANN. § 352.002(a) (providing that an administrator who manages the estate in compliance with the estates code "is entitled to receive a five percent commission on all amounts [the] administrator actually receives or pays out in cash in the administration of the estate"). Arliscia also took a five percent commission of the disbursements of sale proceeds she made to her siblings, despite the estates code prohibiting such a fee. *See id.* § 352.002(a), (b)(2)(C) (providing that an administrator may not receive a commission for "paying out cash to an heir or legatee in that person's capacity as an heir or legatee").

Janice, Bridget, and Tammy objected to Arliscia's final account statement because it failed to provide the required content. *See id.* § 362.004(b) (requiring an account for final settlement to be accompanied by "proper vouchers supporting each item included in the account"). After a hearing, the trial court entered an order, based "upon the agreements expressed on the record," compelling Arliscia to submit a final annual account with supporting documents and to distribute $5,358.00 to each of the five siblings.

On January 8, 2018, the trial court entered another order, accepting Arliscia's resignation as administrator and appointing Seiler as the estate's successor representative. The order further provided that Arliscia's "duties shall not cease until a final account is provided as required" and "that Arliscia . . . shall no longer be entitled to letters in this matter." *See id.* § 362.003.

On May 3, 2018, Seiler filed suit on behalf of the estate against Arliscia for breaches of her fiduciary duties, alleging that Arliscia "misused and mishandled Estates [sic] funds and admits that she did not administer the Estate in accordance with the Texas Estate Code . . . ." Seiler's petition listed forty-five outgoing transactions from the estate's two bank accounts totaling $73,360.10 which she alleged were "unauthorized and unverified." One of the transactions listed was the $26,790.42 commissions Arliscia awarded herself out of the real property sales proceeds and corresponding disbursements. Seiler argued "the payment of commission is not appropriate under the circumstances" and noted "the court may . . . wholly or partly deny a commission allowed" for an estate's administrator. Seiler sought a judgment against Arliscia "for the sum of $73,360.10 for misused and mismanaged funds" and "such other relief to which [Seiler] may be justly entitled." Arliscia filed a general denial and asserted a counterclaim for a

declaratory judgment "of her right to a claim against the Estate in the amount of $36,446.32 for her services as" the administrator, as well as a claim for attorney's fees.

In August 2019, Seiler filed a motion for partial summary judgment on her affirmative claims. The motion listed each of the forty-five transactions from the estate's two bank accounts and pointed to the transactions in the relevant bank statements. In support of her motion, Seiler submitted: Arliscia's final accounting, which provided that she did not administer the estate as required and did not contain documentation verifying the expenses listed; Arliscia's multiple requests for an administrator's fee; Arliscia's answer to interrogatories providing that the estate funds were in the two bank accounts; and the bank statements showing the complained of transactions.

Arliscia filed a response arguing that Seiler "failed to prove all elements of her claim as a matter of law"; that Seiler had not pleaded a cause of action for fee-forfeiture; and that issues of fact existed as to five of the transactions because the funds had been redeposited into the estate's bank accounts. On August 28, 2019, the trial court signed an order granting Seiler's motion for partial summary judgment, awarding her $73,760.10, "and such other relief for which she may be justly entitled . . . ."

Seiler filed a second motion for summary judgment as to Arliscia's remaining counterclaims for attorney's fees and declaratory judgment. Seiler argued the trial court "already ruled that the fees collected were improper" when it granted the prior partial summary judgment, and she reiterated that Arliscia was not entitled to compensation because she did not take care of or manage the estate property prudently. The motion further argued that the statutes that Arliscia relied on did not entitle her to attorney's fees.

5

On December 20, 2019, the trial court granted Seiler's second motion for summary judgment, ordering that Arliscia take nothing on her claims for attorney's fees and declaratory judgment. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

We review the trial court's ruling on a motion for summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). In the case of a traditional summary judgment, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

If the movant's motion and summary judgment proof facially establish a right to judgment as a matter of law, then the burden shifts to the nonmovant to raise a material fact issue sufficient to defeat summary judgment. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *see Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755–56 (Tex. 2007). In reviewing a summary judgment, we consider all grounds

6

presented to the trial court and preserved on appeal. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).

**B.     2017 Agreement**

By her first issue, Arliscia argues the summary judgments are inconsistent with the Rule 11 agreement she and her siblings agreed to in open court in 2017 regarding distribution of the property sale proceeds. Specifically, Arliscia argues that the Rule 11 agreement served as a family settlement agreement, and thus, Seiler's "calculation is now moot and should be rejected."

A family settlement agreement is a favored alternative to formal administration of a decedent's estate. *Estate of Riefler*, 540 S.W.3d 626, 634 (Tex. App.—Amarillo 2017, no pet.); *see In re Estate of Hodges*, 725 S.W.2d 265, 267 (Tex. App.—Amarillo 1986, writ ref'd n.r.e.). The family settlement doctrine, which states that such agreements may be entered into without having to wait until after distribution through formal administration, is applicable generally when there is a disagreement on the distribution of an estate and the beneficiaries enter into an agreement to resolve the controversy. *Estate of Riefler*, 540 S.W.3d at 635; *In re Estate of Halbert*, 172 S.W.3d at 200. Rule 11 of the Texas Rules of Civil Procedure states, "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it . . . be made in open court and entered of record." TEX. R. CIV. P. 11. Once the parties enter into a valid settlement agreement under Rule 11, the trial court may render an agreed judgment based on the settlement agreement. *Lane-Valente Indus. (Nat'l), Inc. v. J.P. Morgan Chase, N.A.*, 468 S.W.3d 200, 204 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

To preserve her complaint for our consideration on appeal, Arliscia needed to raise this argument in her response to Seiler's motion for partial summary judgment. *See* Tᴇx. R. Cɪv. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer[,] or other response shall not be considered on appeal as grounds for reversal."); *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex. 1986); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("The written answer or response to [a summary judgment] motion must fairly apprise the movant and the court of the issues the non-movant contends should defeat the motion."). She did not. And to the extent Arliscia complains of an error in the judgment, Arliscia needed to inform the trial court of her objection by a motion to amend or correct the judgment, a motion for new trial, or some other similar method to preserve error. *Arthur's Garage, Inc. v. Racal-Chubb Sec. Sys., Inc.*, 997 S.W.2d 803, 816 (Tex. App.—Dallas 1999, no pet.). Arliscia has done neither. As such, this argument is waived. *See* Tᴇx. R. Aᴘᴘ. P. 33.1(a); *City of Houston*, 589 S.W.2d at 678.

We overrule Arliscia's first issue.

## C.  Sufficiency of Motion

By her second issue, Arliscia argues that Seiler's first motion for partial summary judgment was "fatally defective because the grounds for granting summary judgment [were] not expressly set out as required by Texas law." Specifically, Arliscia argues that the motion "failed to set forth the grounds, or reasons entitling it to judgment as a matter of law."

A "motion for summary judgment shall state the specific grounds therefor." *See* Tᴇx. R. Cɪv. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341

8

(Tex. 1993). "[T]he motion must identify or address the cause of action or defense and its elements." *Black v. Victoria Lloyds Ins.*, 797 S.W.2d 20, 27 (Tex. 1990). We "cannot read between the lines, infer or glean from the pleadings or the proof any grounds for granting the summary judgment other than those grounds expressly set forth before the trial court in the motion for summary judgment." *McConnell*, 858 S.W.2d at 343.

Here, Seiler's motion stated that the case "involves breaches of fiduciary duties by [Arliscia], during her time she served [sic] as Independent Administrator of Louis Edward Irving." It sought Arliscia's disqualification from receiving compensation and for damages to the estate in the amount of $73,760.10, including her self-awarded compensation. Seiler's motion did not explicitly list out the elements for a breach of fiduciary duty claim or a fee-forfeiture claim; however, a summary judgment motion need not explicitly identify the elements of the claims if the motion addresses those elements. *See Black*, 797 S.W.2d at 27 ("In order to conclusively establish the requisite essential element or elements, the motion must identify *or address* the cause of action or defense and its elements." (emphasis added)).

Generally, the elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) a breach of that duty, (3) causation, and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). Seiler's motion identifies Arliscia as the independent administrator of the estate and alleged that Arliscia owed fiduciary duties to the estate and the heirs. This identified and addressed the first element of Seiler's breach of fiduciary duty cause of action. *See Mohseni v. Hartman*, 363 S.W.3d 652, 656–57 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (noting that an estate's administrator has a fiduciary duty to exercise reasonable care in the

9

administration of the estate property); *In re Roy*, 249 S.W.3d 592, 596 (Tex. App.—Waco 2008, pet. denied) ("As a fiduciary, an executor [of an estate] has a duty to protect the beneficiaries' interest by fair dealing in good faith with fidelity and integrity."); *see also Ali v. Smith*, 554 S.W.3d 755, 762 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Seiler noted that Arliscia conceded she did not administer the estate in accordance with the Texas Estates Code and that the estate's funds were in the two bank accounts identified. Seiler then listed an aggregate of forty-five transactions from both accounts and stated that they were "unauthorized or unverified"; that the estate funds were "misused and mishandled"; and that the "charges did not have receipts for verification." Seiler noted the transactions total $73,760.10 and that, once assets are in the possession of a fiduciary, the burden is on the fiduciary to account for those assets. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). The second, third, and fourth elements of the cause of action for breach of fiduciary claim were properly identified and addressed.

A fee-forfeiture claim requires proof that: (1) the fiduciary committed a "clear and serious" breach of the duties owed; (2) forfeiture or disgorgement is appropriate; and (3) the amount sought to be forfeited is appropriate. *Heatley v. Red Oak 86, L.P.*, No. 05-18-01083-CV, __ S.W.3d __, __ , 2020 WL 4745553, at *12 (Tex. App.—Dallas 2020, no pet.); *Webb v. Crawley*, 590 S.W.3d 570, 587 (Tex. App.—Beaumont 2019, no pet.); *see* TEX. EST. CODE ANN. § 352.004(a) (providing that a court may deny commission "wholly or in part" to an administrator if "the court finds that the executor or administrator has not taken care of or managed the estate prudently"); *see also Parker*, 514 S.W.3d at 221 ("First, in principle, a person in a trust relationship who does not provide the loyalty bargained for fails to fulfill his agreement and is not entitled to be paid in full.").

10

Here, Arliscia issued herself a fee for her administration of the estate, and Seiler's motion can be reasonably read as seeking a forfeiture of this fee and addressing the elements of that cause of action. As noted, Seiler identified that Arliscia owed fiduciary duties to the estate; that she admitted she did not administer the estate as required; that she failed to take care of and manage the estate in a prudent manner; and that she did "not have the proper verification to support many of her expenditures." Seiler noted that the estates code provides the administrator with a commission if the estate was managed in compliance with it and that compensation for Arliscia was "not appropriate." And Seiler sought to recover from Arliscia the entire commission she paid herself. The elements of Seiler's fee-forfeiture claim were properly identified and addressed.

We conclude that Seiler's motion for partial summary judgment sufficiently presented and addressed the elements of her breach of fiduciary duty claim and fee-forfeiture claim. *See McConnell*, 858 S.W.2d at 342; *cf. Madisonville State Bank v. Canterbury, Stuber, Elder, Gooch & Surratt, P.C.*, 209 S.W.3d 254, 259 (Tex. App.—Dallas 2006, no pet.). We overrule Arliscia's second issue.

## D. Breach and Amount of Damages

By her third issue, Arliscia argues there is insufficient evidence that she breached her fiduciary duties and of the damages awarded. First, Arliscia argues that Seiler's motion for partial summary judgment "fails to provide factual support or analysis for each and every transaction to prove how the alleged transactions constitute a breach of fiduciary duty, or how each of the Transactions either benefitted [Arliscia] or damaged the

11

Estate."[5] We construe this argument as challenging whether Seiler established her right to summary judgment on each of the transactions.

An estate's administrator has a fiduciary duty to exercise reasonable care in the administration of the estate property. *Mohseni*, 363 S.W.3d at 656–57; *see* TEX. EST. CODE ANN. § 351.101 ("An executor or administrator of an estate shall take care of estate property as a prudent person would take of that person's own property . . . ."). Here, Seiler's summary judgment evidence showed that Arliscia: was the estate's administrator for eighteen years; filed a single accounting covering the last two years of her time as administrator[6]; admitted the estate's funds were in the two bank accounts noted by Seiler; admitted she did not administer the estate as required by the estates code; and provided no receipts or other documents verifying the expenses listed in the final account or for any of the transactions Seiler complains of. This evidence established that Arliscia failed to exercise reasonable care in the administration of the estate property. *See Mohseni*, 363 S.W.3d at 656–57. Moreover, Arliscia did not provide documentation or argument that those charges were associated with an estate purpose.[7] This established that the estate was harmed by each specific amount and that the harm was caused by Arliscia's breaches of her fiduciary duty. We conclude that Seiler established her right to summary judgment as a matter of law as to each transaction. *See Corpus Christi Bank & Tr. v.*

---

[5] Arliscia does not present this argument on appeal as to Seiler's fee-forfeiture claim.

[6] The Texas Estates Code requires an estate's administrator to file with the court a detailed account of the estate within sixty days after the first anniversary of his or her appointment. *See* TEX. EST. CODE ANN. § 404.001.

[7] In her answer to Seiler's interrogatories, Arliscia stated:

I allowed all my siblings access to the funds through the initial Huntsville bank account. I also managed payments for the Estate property obligations from Estate funds. I did what my siblings and I thought was fair and correct when administering the Estate. All major decisions regarding the Estate were made via a majority vote of the heirs.

12

*Roberts*, 597 S.W.2d 752, 755 (Tex. 1980) (noting that trustee has an obligation to make a full accounting of all funds belonging to the estate); *Garcia v. Garcia*, 878 S.W.2d 678, 680 (Tex. App.—Corpus Christi–Edinburg 1994, no writ) ("When estate administrators or executors fail to file the proper inventories and accountings, they bear the burden to prove the validity of charging the estate with the expenses."); *Scott v. Taylor*, 294 S.W. 227, 230–31 (Tex. App.—Amarillo 1927, no writ) ("With reference to the claims for expenses of administration, the burden of proof is upon [the administrator] to show that the expenses incurred were necessary and proper and that the amounts charged are fair and reasonable."); *see also* TEX. EST. CODE ANN. §§ 351.052(a), 362.004(b). Thus, the burden then shifted to Arliscia to raise an issue of fact as to any of the transactions. *See Centeq Realty*, 899 S.W.2d at 197.

Arliscia argues that she raised a fact issue as to five of the transactions Seiler listed, totaling $10,800, because the funds from each of these transactions were later redeposited, and thus, "no harm accrued to the Estate." Arliscia argued in her response to Seiler's motion for partial summary judgment that: (1) a check for $1,500 from August 17, 2015, was a reimbursement to herself for taxes, pointing to a tax receipt for $1,500 in property taxes paid for estate property on January 30, 2012; (2) $3,100 transferred to another account on October 19, 2015, were redeposited into one of the estate's accounts on October 21, 2015, pointing to a deposit slip showing a deposit of $3,100 in cash; (3–4) a check written to Arliscia for $1,675 on October 27, 2015, and a cash withdrawal for $1,625 on October 30, 2015, were repaid, pointing to a deposit slip providing that she deposited $3,200 on November 4, 2015; and (5) a $3,000 check written to Arliscia on September 25, 2015, was paid back to the estate on September 28, 2015, pointing to a

13

deposit slip for $3,000. Seiler did not dispute these assertions by Arliscia at the trial court or in her appellate brief. Viewing this evidence in the light most favorable to Arliscia, we conclude that she raised a fact issue as to these five transactions totaling $10,800. *See Nixon*, 690 S.W.2d at 548–49.

As to the remaining transactions, Arliscia generally argued in her response to Seiler's motion for partial summary judgment that she "has evidence and facts supporting a different narrative with regard to the contested transactions." In her appellate brief, she states:

> The amount of damages awarded in the trial court's judgment $73,760.10 [is] the same amount alleged in the petition, with no support by admissible summary judgment evidence Tex. R. Civ. P. 166a(c).[8] Rather, the trial court simpl[y] accept[ed] [Seiler's] conclusions notwithstanding [Arliscia's] evidence.

To the extent Arliscia is contending that she raised a fact issue as to any of the other transactions, we note that she did not elaborate or point to any of the 350 plus pages of evidence submitted with her response or explain how any of it raised a fact issue as to any of the transactions. In determining whether a summary judgment respondent successfully carried his or her burden, neither this Court nor the trial court is required to wade through a voluminous record to marshal respondent's proof. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 81 (Tex. 1989); *Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.). Thus, when presenting summary judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. *See Arredondo*, 198 S.W.3d at 238. And attaching entire documents to a motion for summary judgment or a response and referencing them only

---

[8] We note that Arliscia did not lodge any objections as to the admissibility of the evidence Seiler submitted in support of her motion for partial summary judgment.

14

generally does not relieve the party of pointing out to the trial court where in the documents the issues set forth in the response are raised. *See id.*; *Guthrie v. Suiter*, 934 S.W.2d 820, 826 (Tex. App.—Houston [1st Dist.] 1996, no writ). Therefore, we conclude Arliscia did not raise a fact issue to defeat summary judgment as to the remaining transactions. *See Arredondo*, 198 S.W.3d at 238–39.

We sustain Arliscia's second issue in part and overrule it in part.

### III.   ADMINISTRATOR'S COMPENSATION

By her fourth issue, Arliscia states that the trial court erred because she "was entitled to executor's compensation under Texas Estate[s] Code § 352.002." Specifically, her arguments attack the second summary judgment, which denied her claim seeking a declaration that she was entitled to compensation.

In her brief, Arliscia argues that "fact issues remain concerning the validity of the executor's fee" because the first motion for summary judgment did not analyze whether the transactions listed "were intentional or merely inadvertent." *See Burrow v. Arce*, 997 S.W.2d 229, 241 (Tex. 1999) ("It would be inequitable for an agent who had performed extensive services faithfully to be denied all compensation for some slight, inadvertent misconduct that left the principal unharmed . . . ."). Arliscia cites and relies solely on *Burrow*, which is a case dealing with a fee-forfeiture claim in the attorney-client context. *See id.* at 232. In *Burrow*, the Texas Supreme Court noted that

> when forfeiture of an attorney's fee is claimed, a trial court must determine from the parties whether factual disputes exist that must be decided by a jury before the court can determine whether a clear and serious violation of duty has occurred, whether forfeiture is appropriate, and if so, whether all or only part of the attorney's fee should be forfeited.

*Id.* at 246. However, "[i]f the relevant facts are undisputed, these issues may, of course, be determined by the court as a matter of law." *Id.*

15

Here, the relevant facts are undisputed: Arliscia did not comply with the estates code in administering the estate; she did not file an initial accounting identifying the estate's assets; she did not file any accounting for the first sixteen years she served as administrator; and she did not provide documents verifying the estate funds she expended. Therefore, the trial court determined that forfeiture of the entire fee was appropriate as a matter of law. *See id.* Furthermore, Arliscia does not point to any authority establishing that malfeasance by an administrator must be intentional in order to support a fee-forfeiture claim against the administrator. *See* TEX. EST. CODE ANN. §§ 352.002(a) (providing that an administrator is entitled to compensation if a court finds that the administrator took care and managed the estate in compliance with the estates code), 352.004(a) (providing that a court may deny commission "wholly or in part" to an administrator if "the court finds that the executor or administrator has not taken care of or managed the estate prudently"); *see also Norman v. Finley*, No. 04-01-00394-CV, 2002 WL 341585, at *7 (Tex. App.—San Antonio Mar. 6, 2002, no pet.) (mem. op.) (noting that "the trial court concluded as a matter of law that [the independent executrix] was not entitled to a commission" because she had not "taken care of and managed the estate in compliance with the standards of the Probate Code" and affirming). As such, we reject this argument.

Arliscia also argues that she "has demonstrated that [Seiler's] Motion for Partial Summary Judgment was granted in error because the motion does not conform to the requirements of Rule 166a that" the motion expressly present the grounds upon which it is made by addressing or identifying the elements of the cause of action. *See McConnell*, 858 S.W.2d at 341; *Black*, 797 S.W.2d at 27. Thus, she argues, the first summary

judgment order "cannot support the Second Summary Judgment Order issued on December 20, 2019." As previously discussed, Seiler's motion for partial summary judgment adequately addressed the necessary elements for her causes of action. *See Parker*, 514 S.W.3d at 220; *Webb*, 590 S.W.3d at 587. We also reject this argument.

We overrule Arliscia's fourth issue.

## IV. CONCLUSION

We reverse the trial court's summary judgments in part as to the five transactions challenged by Arliscia totaling $10,800. We otherwise affirm the trial court's judgments and remand for further proceedings consistent with this opinion.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
1st day of April, 2021.